**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1159
_____

UNITED STATES OF AMERICA

v.

MICHAEL A. FANELLI,
also known as MICHAEL CARDUCCI,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:16-cr-00110-001)
District Judge: Honorable Renee M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 14, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: October 6, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

After a criminal defendant pleads guilty to six bank robberies, is released, and commits a seventh one, he can expect a serious penalty for violating supervised release. In 2015, Michael Fanelli pleaded guilty to six armed bank robberies. His advisory Sentencing Guidelines range was seventy to eighty-seven months. The District Court gave him a big break, sentencing him to thirty-seven months' imprisonment followed by thirty-six months' supervised release.

In mid-2018, Fanelli got out of prison on supervised release. Less than three months later, he robbed another bank. He pleaded guilty in 2019 to the seventh robbery before a different judge, who sentenced him to seventy-two months' imprisonment followed by thirty-six months' supervised release. Because of that crime, the Probation Officer filed a petition charging him with three violations of his original supervised release. He pleaded guilty to one of them.

For that violation, he faced a maximum sentence of two years' imprisonment on each of the six underlying counts from 2015, totaling twelve years. His advisory Guidelines range was twelve to eighteen months on each count, for a cumulative range of 72 to 108 months. In 2020, the original District Court sentenced him to twenty-four months' imprisonment on Count One plus another twenty-four consecutive months on Count Two. On Counts Three through Six, it sentenced him to twenty-four months to run concurrently with the sentence on Count One. His combined sentence for the supervised-release violation is thus forty-eight months in prison.

Fanelli now appeals. We review sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). We will affirm a district court's sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The forty-eight-month sentence was reasonable. Fanelli repeatedly objects that it is well above his Guidelines range of twelve to eighteen months. But that was the range for *each* underlying count. Forty-eight months is well below the bottom of his total range, 72 to 108 months. Plus, the District Court reasonably departed upward on Counts One and Two in part because it had originally given him a "huge break" by departing downward. App. 69; *see* U.S.S.G. § 7B1.4 cmt. n.4.

In reaching its sentence, the District Court analyzed the factors in 18 U.S.C. § 3553(a). It reasonably concluded that the original sentence had not deterred Fanelli, as he committed a seventh bank robbery soon after his release. *See* § 3553(a)(2)(B).

It also looked at mitigating factors. Fanelli claims that the District Court did not give enough weight to his mental health and gambling and drug addictions. But the court specifically discussed his mental illnesses. It gave him "credit" for his good deeds. App. 109–10. And it considered his need for drug and gambling treatment. But after Fanelli first got out of prison, he was offered drug treatment yet chose not to attend. Then he lied to the second sentencing court, falsely suggesting that he had never been offered treatment. The District Court did not abuse its discretion in weighing these and the other § 3553(a) factors.

3

Finally, Fanelli claims that the court overvalued its poor opinion of Fanelli as "narcissistic" and "manipulative" and put too much weight on not wanting to be "fooled" again. App. 68, 71, 104–05. Not so. Sentencing for violating supervised release turns mainly on the defendant's "breach of trust." U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b); *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006). Fanelli's breach of trust was "flagrant." *Dees*, 467 F.3d at 853. At sentencing in 2020, Fanelli recycled the same pleas for leniency that he had made in 2015. But after the court had given him a break in 2015, he abused it "almost immediately upon his release from prison." *Id.* We will not second-guess the court's decision to reject those arguments this time.

\* \* \* \* \*

Fanelli's original sentence failed to deter him from committing yet another bank robbery. Instead, he breached the District Court's trust. The court reasonably compensated for its earlier leniency by imposing a stiffer sentence the second time around. Because it weighed the sentencing factors reasonably, we will affirm.